JOHNSON, J.,
would grant the writ, assigns reasons.
The lower courts erred in affirming defendants’ exception of prescription and dismissing plaintiffs suit. The plaintiff underwent experimental back surgery on February 5, 1988 after being told by Dr. Moulder that it was the only way to relieve his pain and that it was a routine surgical procedure he frequently performed. The plaintiff never knew that the surgical procedure was experimental, nor did he know that Dr. Moulder had only performed the procedure on two other occasions and that both were on a much smaller scale. The trial judge found that the surgical procedure was not discussed in the medical literature and that it was experimental. He also concluded it was unlikely that Mr. Morgan understood what the surgery would entail and that it was more likely than not the details of the surgery were not explained to him. The Court of Appeal determined that this conclusion was not clearly wrong. Nonetheless, both Courts decided that Mr. Morgan had knowledge to indicate he was a victim of a tort when he received a miniature x-ray of his back. The lower courts assume that a reasonable person would look at an x-ray depicting extensive wiring and bands in his or her back and know that those wires and bands were the source of his or her pain. This assumption fails to account for the fact that most persons without medical training cannot even read an x-ray, let alone determine the cause of pain by simply looking at one.
Mr. Morgan continued to see Dr. Moulder long after receiving the x-ray and he continued to take the large doses of narcotics Dr. Moulder prescribed. It was not until November, 1992, when Mr. Morgan sought medical advice from Dr. Mitchel Harris, an orthopedist at LSU Medical Center, that he learned of the experimental nature of the back surgery and that the extensive wiring and banding could not be removed without risk to his live. Prior to that time, he believed Dr. Moulder’s assertion that the surgery was a routine procedure and that it would alleviate his back pain.
This claim falls squarely within the third category of contra non valentem recognized by this Court in Whitnell v. Menville, 540 So.2d 304 (La.1989). The third category of contra non interrupts the running of prescription when the tort-feasor has done some act effectually to prevent the victim from availing himself of his cause of action. That is to say the tortfeasor has undertaken an action that constitutes fraud, concealment, misrepresentation or ill practices. Rajnowski v. St. Patrick’s Hospital, 564 So.2d 671 (La.1990). It is patently clear that there is evidence to support a claim of fraud, concealment, misrepresentation, and ill practice. Dr. Moulder concealed the experimental nature of the surgery from Mr. Morgan and told him it was a routine procedure. Dr. Moulder’s testimony that the surgical procedure and possible risks were fully described in plaintiffs medical records and that those records were available to the plaintiff at all times does not dissipate the claim of fraud, concealment, misrepresentation, and ill practice. Furthermore, Dr. Moulder continued to treat Mr. Morgan for chronic back pain until February, 1993. This treatment consisted of prescribing narcotic pain medication, even after Mr. Morgan became addicted to *645 the medication and was advised to enter a detoxification program.
Mr. Morgan learned of Dr. Moulder’s malpractice in November, 1992. This action was filed with the Patient’s Compensation Fund on October 25, 1993, clearly within one year of the discovery of Dr. Moulder’s actions. Therefore, the action was not prescribed when the claim was filed and the lower courts erroneously granted defendants’ exception of prescription.
For the aforementioned reasons, I would grant the writ application.